IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH PHILIP PEROT, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1153 |
| | § | |
| SECRETARY OF HEALTH AND | § | |
| HUMAN SERVICES, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 16] filed by the Secretary of Health and Human Services ("Secretary") and the Motion to Dismiss [Doc. # 20] filed by Selectcare of Texas ("Selectcare"). Plaintiff Joseph Philip Perot, Sr., *pro se*, filed a response to each motion [Docs. # 23 and # 24], and Selectcare filed a reply [Doc. # 25]. Based on the Court's review of the record in this case, and the application of relevant legal authorities, the Court **grants** the Motions to Dismiss.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The Department of Health and Human Services ("HHS") is the federal agency charged with administration of the Medicare program. Selectcare is a Medicare Advantage Organization participating in the federal Medicare program. Plaintiff is a member of Selectcare's TexanPlus Plan, a Medicare Advantage Plan. Plaintiff alleges

that in 2004 he suffered from an eye condition that required immediate care. Plaintiff alleges that Selectcare refused to pay for treatment by an out-of-network physician. Plaintiff alleges that he was, therefore, required to obtain treatment from a network provider who failed to correct the problem.

Plaintiff filed a pleading entitled "Motion to File Suit" [Doc. # 1] on April 5, 2006. In this pleading, Plaintiff alleged summarily that Defendants denied him his rights under the Medicare rules, causing permanent damage to his eye. He provided his Medicare number and the case number of his appeal, as well as sections of the Medicare program Code of Federal Regulations on which he relied.

During a conference on August 24, 2006, Plaintiff was directed to file an amended complaint with specific information, including the facts of the case and the claims being asserted. *See* Hearing Minutes and Order [Doc. # 10]. Thereafter, Plaintiff filed his First Amended Complaint [Doc. # 11]. In his First Amended Complaint, Plaintiff explains that he needed "urgent specialized medical care" for an eye condition. Plaintiff alleges that Selectcare refused to pay for treatment by an out-of-network retina specialist and that the network physicians lacked the required specialization to treat the eye condition. Plaintiff alleges that the treatment he received was inadequate and that, as a result, he suffered permanent eye damage.

Plaintiff's only claim is that Selectcare violated Medicare rules by refusing "to allow for proper and timely care." First Amended Complaint [Doc. # 11], ¶ 44. Although he asserts no other causes of action in his First Amended Complaint,[1] Plaintiff requests actual damages "of at least $250,000," punitive damages, and attorney's fees. *Id.*, ¶ 48.

## II.   CLAIM FOR COMPENSATORY AND OTHER DAMAGES

In this case, it is clear from Plaintiff's Motion to File Suit and his First Amended Complaint that he is dissatisfied with and is challenging the decision by Selectcare, as a Medicare organization, to refuse to pay for treatment by an out-of-network retina specialist. The Medicare Act incorporates section 405(h) of the Social Security Act. *See* 42 U.S.C. § 1395ii. Section 405(h) of the Social Security Act, as incorporated into the Medicare Act, expressly provides that **no** "decision of the [Secretary of the Department of Health and Human Services] shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Congress, in developing the elaborate remedial scheme for review of Medicare decisions, clearly intended that it would supersede other mechanisms for challenging those decisions. *See*

---

[1]   In his response to Selectcare's Motion to Dismiss, Plaintiff argues that he states an unidentified claim under Texas law. *See* Response [Doc. # 24], p. 3. In his response to the Secretary's Motion to Dismiss, Plaintiff argues that he is claiming that Defendants violated his "civil rights to proper and timely medical care." Response [Doc. # 23], p. 1. He also states that he has a "claim of bad faith." *Id.* at 3.

*Uhm v. Humana, Inc.*, 2006 WL 1587443, * 3 (W.D. Wash. June 2, 2006); *see also Bodimetric Health Servs., Inc. v. Aetna Life & Cas.,* 903 F.2d 480, 487-88 (7th Cir. 1990). A plaintiff cannot avoid the Medicare Act's exclusive mechanism for challenging coverage decisions "simply by styling its attack as a claim for collateral damages instead of a challenge to the underlying denial of benefits." *Bodimetric,* 903 F.2d at 487. "If litigants who have been denied benefits could routinely obtain judicial review of these decisions by recharacterizing their claims under state and federal causes of action, the Medicare Act's goal of limited judicial review for a substantial number of claims would be severely undermined." *Id.*

Plaintiff is clearly challenging Selectcare's decision to deny payment for treatment by an out-of-network physician. As a result, his claim is exclusively a claim for judicial review of that decision pursuant to § 405. Defendants' motions to dismiss any claims for compensatory and other damages must be granted.

### III. <u>MEDICARE CLAIM</u>

An enrollee in a Medicare plan "who is dissatisfied by reason of the enrollee's failure to receive any health service to which the enrollee believes the enrollee is entitled" and who obtains an unfavorable final decision from the Secretary of HHS is "entitled to judicial review . . . as provided in [42 U.S.C.] section 405(g) . . .." 42 U.S.C. § 1395w-22(g)(5). To obtain judicial review, the enrollee must file a civil

action in federal district court "within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary of HHS] may allow." 42 U.S.C. § 405(g).  The HHS Secretary has promulgated regulations providing that the civil action must be filed in a federal district court within sixty days after the enrollee "receives notice" of the final decision.  42 C.F.R. § 405.1136(c)(1); *id.* § 405.1130.  The date of receipt is presumed to be "5 calendar days after the date of the notice, unless there is a reasonable showing to the contrary."  *Id.* § 405.1136(c)(2).

In this case, the notice of the agency's final decision was dated January 27, 2006.  Plaintiff is presumed to have received the notice on February 1, 2006.  The deadline for Plaintiff to file a civil action in federal district court was April 2, 2006.  Because April 2 was a Sunday, the deadline was extended to the following Monday, April 3, 2006.  Plaintiff is deemed to have filed this action on April 5, 2006, two days after the deadline.

Plaintiff states that he did not receive notice of the final decision until February 6, 2006, but presents no evidence to support this conclusory statement.  *See* Plaintiff's Response [Doc. # 23], p. 1.  Such bald allegations of untimely receipt are insufficient to constitute a "reasonable showing" to rebut the statutory five-day presumption.  *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (holding that

the plaintiff's sworn statement that he did not receive the notice until later was inadequate to rebut the statutory presumption).

Plaintiff also claims that he mailed the Motion to File Suit on March 31, 2006. "A pleading is not filed with the court until it is actually received by the clerk, or by the court." *Meza v. Massanari*, 199 F.R.D. 573, 576 (S.D. Tex. 2001). "[C]ompliance with a Filing requirement is not satisfied by Mailing the necessary papers within the allotted time." *Lee v. Dallas County Board of Educ.*, 578 F.2d 1177, 1178 n.1 (5th Cir. 1978).[2] Plaintiff's Motion to File Suit was received in the Clerk's Office on April 5, 2006, sixty-two days after his presumptive receipt of the notice. As a result, Plaintiff's civil action is not timely. Plaintiff has neither argued for nor presented evidence to merit the application of equitable tolling in this case. Accordingly, Defendants' Motions to Dismiss the Medicare claim as untimely are granted.

## IV. <u>CONCLUSION AND ORDER</u>

Plaintiff's sole available claim is under the Medicare Act, and that claim is untimely. Consequently, it is hereby

---

[2] Plaintiff cites *Houston v. Lack*, 484 U.S. 266 (1988), to support his argument that the deadline is satisfied if the pleading is mailed by the deadline. In that case, the Supreme Court held that a petition for writ of habeas corpus is deemed filed on the date it is delivered to prison authorities for mailing to the court. *Houston v. Lack*, however, involved a unique situation where a *pro se* habeas petitioner has no alternative other than to deliver his petition to prison authorities for mailing. The Supreme Court made it abundantly clear that the holding in *Houston* does not apply to private litigants. *Houston*, 484 U.S. at 271.

**ORDERED** that HHS's Motion to Dismiss [Doc. # 16] and Selectcare's Motion to Dismiss [Doc. # 20] are **GRANTED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **3rd** day of **January, 2007**.

Nancy F. Atlas
United States District Judge